2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




GERALD MICHAEL ANDERSON,
JR.,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-02-00412-CR

Appeal from the

County Court at Law No. 3

of Collin County, Texas 

(TC# 003-84585-00) 





MEMORANDUM OPINION

           Gerald Michael Anderson, Jr. appeals his conviction by a jury of driving while
intoxicated. The jury, after hearing evidence that included a prior conviction for driving
while intoxicated, assessed his punishment at 90 days in the Collin County jail and a fine of
$1,250. Anderson contends in four points that the trial court erred: (1) by admitting
evidence that: (a) he had previously been convicted of DWI; (b) his employer, the McKinney
Fire Department, had investigated him on many occasions for misconduct concerning
substance abuse and his previous DWI; and (c) the arresting officer had visited with
Anderson’s sister and discussed her concern for Anderson’s drinking problem; (2) by
overruling his objection to the jury charge definition of “intoxicated” as not having the
normal use of mental or physical faculties by reason of the introduction of alcohol or a
controlled substance into the body and by the court’s overruling his objection to the
application paragraph on the same ground; (3) by overruling his objections to the
introduction of oral statements concerning the use of cocaine as statements made after he was
in custody and the product of custodial interrogation, thereby being inadmissible under
Article 38.22 of the Texas Code of Criminal Procedure; and (4) by overruling his objection
to the prosecutor’s closing argument that referred to him as an “alcoholic.” We affirm.
           Officer Mark Moyle, a police officer for the City of McKinney, stopped Anderson for
speeding while driving a motorcycle. Moyle testified that upon seeing Anderson, a personal
friend, he realized that Anderson was extremely intoxicated. He indicated that because of
his own personal friendship with Anderson, he asked officer Troy McKee to take over the
arrest, when he arrived as backup.
            Anderson argues in Point No. One that the trial court erred in admitting evidence that
he had previously been convicted of DWI; that his employer, the McKinney Fire Department,
had investigated him on many occasions for misconduct concerning substance abuse and his
previous DWI; and that the arresting officer had visited his sister and discussed her concern
for his drinking problem.
           The standard for reviewing a trial court’s ruling on the admission or exclusion of
evidence is abuse of discretion. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001). As long as the trial court’s ruling is within “the zone of reasonable disagreement,”
there is not an abuse of discretion. Rachal v. State, 917 S.W.2d 799, 807 (Tex. Crim. App.
1996). We will uphold the trial court’s decision if it is correct on any theory of law
applicable to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).
           Frank Roma, the assistant fire chief of the City of McKinney, testified that Anderson
was an employee with the McKinney Fire Department prior to his resignation August 14,
2000. When Roma was asked whether prior to August 14, 2000, there was any investigation
initiated by the fire department into Anderson’s conduct, he replied, “There have been
several.” Anderson objected to the response on the basis of lack of relevancy and on the
basis of Rules 403 and 404(b) of the Texas Rules of Evidence. The trial court overruled the
objection. Roma stated that the most recent investigation prior to Anderson’s resignation
was an internal affairs investigation to determine the facts concerning Anderson’s arrest. 
Tex. R. Evid. 403, 404(b).
           Anderson does not refer us to any testimony presented showing that he had previously
been convicted of DWI. The State refers us to the admission of a prior conviction at the
punishment phase of the trial, but Anderson’s brief leads us to the conclusion he is not
referring to that evidence, which was admitted without objection. If he is referring to Officer
Roma’s testimony relating to there having been several investigations of Anderson’s conduct
prior to his resignation, he does not refer us to any testimony indicating the nature of those
investigations or whether they did or did not show any misconduct on the part of Anderson. 
We overrule Point No. One as it relates to error regarding the trial court admitting evidence
of Anderson’s conviction for a prior DWI or evidence that the fire department had
investigated Anderson on many occasions for misconduct concerning substance abuse and
his previous DWI.
           Mark Moyle, the police officer who initially stopped Anderson, was asked what the
nature of conversations was that he had with Anderson’s sister. He replied that the things
he talked about most with her was her concern for Anderson and his drinking problem. The
trial court overruled Anderson’s objection to this testimony, an objection that the testimony
was irrelevant and in violation of Rules 404(b) and 403 of the Texas Rules of Evidence. 
Later, when the prosecuting attorney asked Moyle for his feeling regarding the nature of his
relationship with Anderson, Moyle testified that he knew Anderson had a drinking problem. 
The trial court overruled Anderson’s objections to the testimony, objections that the
testimony was not relevant, that it was nonresponsive, and that it violated Rule 403 of the
Texas Rules of Evidence.
           Rule 403 of the Texas Rules of Evidence provides that even relevant evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403. A Rule 403
balancing test includes the following factors: (1) how compellingly the evidence offered
serves to make a fact of consequence more or less probable--a factor which is related to the
strength of the evidence presented by the proponent to show the defendant in fact committed
the extraneous offense; (2) the potential the evidence has to impress the jury “in some
irrational but nevertheless indelible way;” (3) the time the proponent will need to develop the
evidence, during which the jury will be distracted from consideration of the indicted offense;
(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e.,
does the proponent have other probative evidence available to him to help establish this fact,
and is this fact related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim.
App. 2000).
           Under the facts of this case, proof that Anderson had a drinking problem does not
serve to make it more probable that he was intoxicated on the occasion in question; the
evidence had the potential to impress the jury in an irrational but indelible way; the State
required little time to develop the evidence; the State had little need for the evidence to prove
a fact of consequence. We hold that the trial court erred by admitting evidence concerning
Anderson having a drinking problem.
           Having found error, we must conduct a harm analysis to determine whether the error
calls for reversal of the judgment. Tex. R. App. P. 44.2. Inasmuch as the error is not
constitutional, we apply Rule 44.2(b) and disregard the error if it does not affect the
appellant’s substantial rights. Id.; see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998) (op. on reh’g). A substantial right is affected when the error had a substantial
and injurious effect or influence on the jury’s verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997). In making this determination, we review the record as a whole. 
Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 1248 (1946).
           In addition to the testimony of which Anderson complains, other testimony concerning
his drinking habits was admitted without objection. Officer Moyle testified that he had
previously seen Anderson consume alcoholic beverages and become intoxicated. He later
indicated that he had had drinks on one occasion with Anderson, but that he had been out
with Anderson on different occasions when Anderson had been drinking. In response to a
question from Anderson’s counsel, Moyle testified that if it was Anderson’s recollection that
they had been out boozing it up a number of times, that would be a mistake in Anderson’s
memory. When asked if his saying there was no doubt in his mind that Anderson was
intoxicated was “as boiler plate as any other kind of testimony in a criminal trial,” Moyle
stated in part that he had seen Anderson before, had seen how he drinks on a regular basis,
and that Anderson had indicated to him that he had a drinking problem. Although counsel
presented an objection that the answer was nonresponsive, counsel never obtained a ruling
from the trial court on the objection. Moyle also confirmed that he had seen Anderson drink
quite a lot and display signs of high tolerance to alcohol.
           The prosecuting attorney made no reference to Anderson having a drinking problem
in her opening statement in final argument. Defense counsel did refer to the testimony about
the drinking problem, questioning why Officer Moyle would have presented such testimony
in a nonresponsive manner if he were really a friend of Anderson. The prosecutor in her
closing statement referred indirectly to Anderson as an alcoholic, but after Anderson objected
that there was no evidence that he was an alcoholic, she changed her reference to “people
with high tolerances.”
           Both Officer Moyle and Officer McKee expressed their opinion that Anderson was
intoxicated on the occasion in question. Officer McKee testified that he administered the
horizontal gaze nystagmus test to Anderson and that he failed the test. He said the other
standard tests were not given at the scene for safety reasons, and that Anderson refused to
take those tests at the jail. He subsequently acknowledged that the tests could have been
given in a parking lot near the scene of the arrest. He also indicated that Anderson had
refused both a breath test and a blood test.
           We conclude that, in the context of the entire case against Anderson, the trial court’s
error in admitting the testimony about Anderson having a drinking problem did not have a
substantial or injurious affect on the jury’s verdict and did not affect his substantial rights. 
See King, 953 S.W.2d at 271. We therefore disregard the error. See Tex. R. App. P. 44.2(b). 
We overrule that portion of Point No. One relating to testimony that Anderson had a drinking
problem.
           Anderson insists in Point No. Two that the trial court erred in overruling his objection
to the jury charge definition that “intoxicated” means not having the normal use of mental
or physical faculties by reason of the introduction of alcohol or controlled substance into the
body. Appellate review of error in a jury charge involves a two-step process. Abdnor v.
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether
error occurred. If so, we must then evaluate whether sufficient harm resulted from the error
to require reversal. Id. at 731-32. Error in the charge, if timely objected to in the trial court,
requires reversal if the error is “calculated to injure the rights of the defendant,” which means
no more than that there must be some harm to the accused from the error. Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981); see Abdnor, 871 S.W.2d at 731-32; Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). In other words, a properly
preserved error will call for reversal as long as the error is not harmless. Almanza, 686
S.W.2d at 171.
           In making this determination, “the actual degree of harm must be assayed in light of
the entire jury charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel, and any other relevant information revealed by
the record of the trial as a whole.” Id. The burden lies with the defendant to persuade the
reviewing court that he suffered some actual harm. Abdnor, 871 S.W.2d at 732; LaPoint v.
State, 750 S.W.2d 180, 191 (Tex. Crim. App. 1988) (op. on reh’g).
           Anderson’s point is based on the assumption that there was no evidence linking his
admission of his use of cocaine to the allegation of intoxication. As Anderson acknowledges,
when Officer Moyle first stopped him he admitted to the officer that he had been drinking
and had done cocaine. There was testimony that Anderson’s speech was slurred, he had red,
bloodshot, watery eyes, and he was swaying. As previously noted, there is also testimony
that he failed an HGN test. Anderson was operating his motorcycle at the speed of 67 miles
per hour in a 40 miles per hour speed zone. Officer Moyle testified that he thought Anderson
was trying to evade him when he tried to stop him. Officer Moyle testified based upon his
twelve years of experience in law enforcement, there are not a lot of people as intoxicated
as Anderson was on the occasion in question. He indicated that a lot of times narcotics are
involved. Based upon all of this evidence, we conclude that there was sufficient evidence
that Anderson was intoxicated as the result of ingestion of cocaine to justify the submission
of the charge the court submitted. This was also true of the trial court’s use of the definition
of “intoxicated” in the application paragraph of the charge. We overrule Point No. Two.
           Anderson insists in Point No. Three that the trial court erred by allowing into evidence
his oral statement that he had used cocaine because the statement was made after he was in
custody and was the product of custodial interrogation, thereby making it inadmissible under
Article 38.22 of the Texas Code of Criminal Procedure.
           Officer Moyle testified that when he first contacted Anderson he asked him if he had
been drinking, and that Anderson said he had. Moyle indicated that he then asked him if he
had done anything else, at which time Anderson indicated that he had done cocaine. 
Anderson made no objection at the time this evidence was admitted before the jury. Earlier,
in a hearing outside the presence of the jury, Anderson had objected to a statement regarding
cocaine made by him to Officer McKee and a later statement he had made to Officer Moyle
after McKee had arrested him. At the conclusion of the hearing, the State indicated it would
seek to introduce Anderson’s statement about cocaine through Officer Moyle when he
arrived later. It indicated that there would have to be another hearing when Officer Moyle
arrived concerning the statements about cocaine and the conversation Anderson had with
Officer Moyle. The trial court ruled that statements attributed to Anderson about the
intoxicant cocaine were to be excluded, but that the issue might be revisited later, “as the
case may be.”
           Subsequently, at a second hearing outside the presence of the jury, Anderson objected
to this evidence on the basis that it constituted custodial interrogation and was inadmissible
based upon the provisions of Article 38.22 of the Texas Code of Criminal Procedure. At this
second hearing on the admissibility of the evidence, Moyle testified that it would have been
apparent to anyone at the time he elicited Anderson’s statement that they were under his
control and not free to leave until he released them. He acknowledged that Anderson made
the statement in response to a question that he had asked, and that the question was asked for
the purpose of gathering evidence of the commission of the DWI. The trial court overruled
Anderson’s objection and admitted the testimony. Moyle then repeated the testimony before
the jury.
           Article 38.22 of the Texas Code of Criminal Procedure establishes rules for the
admissibility of oral and written statements that are the product of custodial interrogation. 
Tex. Code Crim. Proc. Ann. art. 38.22, §§ 2 and 3. It does not include the admission of
statements that do not stem from custodial interrogation. Id. § 5. In a case involving
circumstances similar to the case at bar, the United States Supreme Court held that the
defendant’s answer, following a routine traffic stop, to a police officer’s question as to
whether the defendant had used an intoxicant, made prior to the police officer informing the
defendant that he or she could not leave or placing them formally under arrest, was
admissible because it was not the product of custodial interrogation for Miranda purposes. 
Berkemer v. McCarty, 468 U.S. 420, 423-24, 104 S.Ct. 3138, 3141-42, 82 L.Ed.2d 317, 324-25 (1984). We consequently hold that the trial court did not err in admitting the oral
statements Anderson made to Officer Moyle prior to his being placed under arrest. We
overrule Point No. Three.
           Anderson suggests in Point No. Four that the trial court erred by overruling his
objection to the prosecutor’s closing argument referring to him as an “alcoholic.” In closing
argument, Anderson’s counsel suggested that because Anderson had a high tolerance to
alcohol, he is not affected by alcohol as much and was therefore not intoxicated. The
prosecutor responded to that argument by saying, “. . . Ladies and gentlemen, I didn’t realize
that under our laws in Texas, therefore, alcoholics can drive down 75 right next to you.” The
trial court overruled Anderson’s objection that there was no evidence that Anderson was an
alcoholic. Nevertheless, the prosecutor subsequently used the term “people with high
tolerances” rather than the term “alcoholic” in her argument. We hold that the evidence of
Anderson’s drinking that we have outlined in this opinion constitutes evidence that Anderson
was an alcoholic and that in light of the entire record, including the evidence of Anderson’s
drinking and the prosecutor’s immediate change from using the term “alcoholic” following
Anderson’s objection, we hold that if the trial court did err by overruling Anderson’s
objection to the prosecutor’s use of the term “alcoholic,” the error was not constitutional and
did not affect any substantial right. We overrule Point No. Four.
           Having overruled each point of error, the judgment is affirmed.
 
                                                                  JOHN HILL, Chief Justice (Ret.)
November 18, 2004

Before Panel No. 5
Hill, C.J. (Ret.), McClure, and Chew, JJ.
Hill, C.J. (Ret.) sitting by assignment
 
(Do Not Publish)